**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **YUVRAJ MULTANI** | **CIVIL ACTION NO. 1:26-2662** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **BRIAN ACUNA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# REPORT AND RECOMMENDATION

Petitioner Yuvraj Multani,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 6]. For reasons below, the Court should grant the petition in part as described below.

## Background

Petitioner is a citizen of India. He entered the United States of America on August 4, 2024, on an "F-1" visa "with an admission period of duration of status (D/S)." [doc. #s 1, pp. 2, 4; 1-1, p. 5].

"Petitioner failed to maintain status as a student and failed to depart within sixty (60) days after the termination of the student program and/or failing to maintain status as a student. Petitioner was informed that he had to depart as his visa had been terminated. On June 22, 2026,

---

[1] Petitioner's "A Number" is 242-486-139.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Petitioner attempted to enter Canada and claim asylum but was returned to the United States under the Safe Third Country Agreement (STCA) program." [doc. # 6, p. 1].

"ICE arrested Petitioner in Buffalo, New York, on or about July 2, 2026[.]" [doc. # 1, p. 4].

Petitioner filed this proceeding on July 22, 2026. [doc. # 1]. He claims that his "documented F-1 admission places him, absent a valid and applicable exception, within § 1226(a)'s ordinary custody framework while removal proceedings are pending." *Id.* at 7. He maintains, "Respondents' refusal to provide the custody-redetermination procedure associated with § 1226(a), based on an inapplicable mandatory-detention theory, violates the INA and its implementing regulations." *Id.*

Petitioner also claims that the Government is violating his right to due process. [doc. # 1, p. 8]. He argues: "Petitioner has a substantial liberty interest in freedom from physical restraint. His pending SIJ petition, the state-court guardianship, the findings of parental neglect, and the state court's best-interest determination make the loss of liberty particularly consequential and underscore the need for an individualized custody determination." *Id.* He adds, "Respondents may not disregard Petitioner's pending SIJ petition, guardianship, or state-court findings when applying the correct custody authority and determining whether continued detention is justified." *Id.*

Petitioner maintains that a "prompt § 1226(a) custody-redetermination hearing is the narrow relief necessary to remedy that deprivation." [doc. # 1, p. 8].

Respondents opposed the petition on September 18, 2026. [doc. # 6]. Petitioner filed a reply on October 1, 2026. [doc. # 7].

Petitioner has an immigration hearing scheduled for October 23, 2026.[3]

**Law and Analysis**

According to the Government, Petitioner overstayed his F-1 visa. In *Buenrostro-Mendez*, 166 F. 4th at 499, the Fifth Circuit specifically stated that 8 U.S.C. § 1226 "covers . . . admitted aliens who overstay . . . their visas . . . ." It later reiterated, "§ 1226(a) applies to admitted aliens who overstay their visas . . . ." *Id.* at 505.

Because Petitioner is detained under Section 1226(a), he is entitled to a bond hearing before a neutral decisionmaker. Section 1226(a)(2)(A) plainly permits the Attorney General "to release detained aliens on" bond. *Buenrostro-Mendez*, 166 F.4th at 499.

Respondents argue that Petitioner failed to first exhaust his request for a bond hearing before filing this proceeding. [doc. # 6, p. 2]. Respondents concede, however, that "Congress has not imposed a statutory administrative exhaustion requirement . . . ." *Id.* And Respondents do not cite any controlling authority mandating exhaustion in the circumstance at bar.

**Recommendation**[4]

For the reasons above, **IT IS RECOMMENDED** that Petitioner Yuvraj Multani's petition be **GRANTED** on the basis that he is detained under 8 U.S.C. § 1226(a). Respondents shall, within **ten (10) days** of the date of Judgment, reclassify Petitioner as detained under 8 U.S.C. § 1226(a) and afford Petitioner a bond hearing before an immigration judge where the immigration judge must order Petitioner's release on bond if he or she determines that the Government has not carried its burden of proving that Petitioner poses a flight risk or a danger to the community. Respondents shall provide Petitioner adequate notice of the hearing. The parties

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited October 6, 2026).

[4] The undersigned finds no need to address any claim or request for relief not addressed herein.

shall file a joint status report within 48 hours after the hearing, confirming that the hearing was conducted and notifying the Court whether Petitioner was granted bond and released or, if his request for bond was denied, providing the reasons for that denial.

**IT IS FURTHER RECOMMENDED** that if Respondents do not provide the hearing above within ten (10) days of Judgment, Respondents shall release Petitioner from custody under reasonable conditions of supervision if necessary.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge